IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN LUISE,                     )
                                 )      Civil Action
            Plaintiff            )      No. 13-cv-02626
                                 )
      vs.                        )
                                 )
COLONIAL INTERMEDIATE UNIT 20    )
and DR. CHARLENE M. BRENNAN,     )
                                 )
            Defendants           )

**O R D E R**

NOW, this 21st day of March, 2014 upon consideration of

the following documents:

> (1)  Defendant[s'] 12(b)(1) and 12(b)(6) Motion to
>      Dismiss Plaintiff's [Second] Amended Complaint,
>      which motion was filed on September 24, 2013
>      ("Motion to Dismiss"), together with
>
>      (A)  Defendants' Brief In Support of Motion to
>           Dismiss Plaintiff's [Second] Amended
>           Complaint Pursuant to 12(b)(1) and 12(b)(6);
>           and
>
>           (1)  Exhibits 1 through 3 to Defendants'
>                Brief;
>
> (2)  Plaintiff's Answer to Defendants' Motion to
>      Dismiss [Plaintiff's Second] Amended Complaint,
>      which answer was filed on October 9, 2013,
>      together with
>
>      (A)  Plaintiff's Memorandum of Law in Opposition
>           to Defendant[s'] Motion to Dismiss
>           Plaintiff's [Second] Amended Complaint
>           Pursuant to 12(b)(1) and 12(b)(6);
>
> (3)  Second Amended Complaint filed September 11,
>      2013; and
>
> (4)  Defendants' Reply Brief Filed October 30, 2013;

and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that defendants' Motion to Dismiss is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' Motion to Dismiss is granted to the extent that it seeks to have Count II of the Second Amended Complaint dismissed for failure to state a claim.

IT IS FURTHER ORDERED that Count II of the Second Amended Complaint is dismissed with prejudice and defendant Colonial Intermediate Unit 20 is dismissed as a party to this action.

IT IS FURTHER ORDERED that defendants' Motion to Dismiss is denied to the extent that it seeks to have Count II of the Second Amended Complaint dismissed for failure to exhaust administrative remedies.

IT IS FURTHER ORDERED that defendants' Motion to Dismiss is granted to the extent that it seeks to have this court decline to exercise supplemental jurisdiction over plaintiff's state-law claim in Count I of the Second Amended Complaint.

IT IS FURTHER ORDERED that this matter is remanded to the Court of Common Pleas of Northampton County, Pennsylvania for disposition of Count I of the Second Amended Complaint.

IT IS FUTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER_____
James Knoll Gardner
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN LUISE,                        )
                                    )       Civil Action
            Plaintiff               )       No. 13-cv-02626
                                    )
        vs.                         )
                                    )
COLONIAL INTERMEDIATE UNIT 20       )
and DR. CHARLENE M. BRENNAN,        )
                                    )
            Defendants              )

                        *    *    *

APPEARANCES:

        DONALD P. RUSSO, ESQUIRE
            On behalf of Plaintiff

        JOHN E. FREUND, III, ESQUIRE
            On behalf of Defendants

                        *    *    *

                    **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

        This matter is before the court on Defendant[s']

12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's [Second]

Amended Complaint ("Motion to Dismiss").[1]  For the reasons

---

[1]        Defendant's Motion to Dismiss was filed on September 24, 2013,
together with Defendants' Brief in Support of Motion to Dismiss Plaintiff's
[Second] Amended Complaint Pursuant to 12(b)(1) and 12(b)(6)("Defendants'
Brief"), and Exhibits 1 through 3 to Defendants' Brief.

           Plaintiff's Answer to Defendants' Motion to Dismiss [Plaintiff's
Second] Amended Complaint ("Plaintiff's Answer") was filed on October 9,
2013, together with Plaintiff's Memorandum of Law in Opposition to

                                                    (Footnote 1 continued):

expressed below, I grant in part and deny in part defendants' Motion to Dismiss.

## SUMMARY OF DECISION

In her Second Amended Complaint (the operative pleading in this matter), plaintiff Karen Luise asserts two claims.  In Count I, plaintiff asserts a Pennsylvania state-law claim against defendant Dr. Charlene M. Brennan for wrongful discharge in violation of public policy.  In Count II, plaintiff asserts a federal claim against defendant Colonial Intermediate Unit 20 for failure to accommodate her disability in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

In their Motion to Dismiss, defendants seek to dismiss plaintiff's Second Amended Complaint in its entirety on various grounds.  Defendants also request that, in the event plaintiff's sole federal claim (Count II) is dismissed, I decline to retain supplemental jurisdiction over plaintiff's state-law claim against defendant Dr. Brennan (Count I).

---

(Continuation of footnote 1):

Defendant[s'] Motion to Dismiss Plaintiff's [Second] Amended Complaint Pursuant to 12(b)(1) and 12(b)(6)("Plaintiff's Memorandum").

Defendant[s'] Reply Brief was filed with leave of court on October 30, 2013.

For the reasons expressed below, I grant defendants'
Motion to Dismiss with respect to plaintiff's failure-to-
accommodate claim in Count II because plaintiff has not
sufficiently pled such a claim.

Moreover, I dismiss that putative claim in Count II
with prejudice because plaintiff failed to sufficiently plead it
despite two prior motions to dismiss from defendant Colonial
Intermediate Unit 20, two prior opportunities to amend in
response to those motions, and notice from the court (in my
Order dated and filed August 15, 2013) that she was being given
broad leave to further amend her Amended Complaint but might not
be granted leave to amend a third time.

For the reasons expressed below, I deny defendants'
Motion to Dismiss Count II of the Second Amended Complaint for
failure to exhaust administrative remedies because plaintiff was
not required to exhaust administrative remedies before asserting
that claim.

Having dismissed the sole federal cause of action in
this case, I grant defendants' request that I decline to
exercise (and deny plaintiff's request that I retain)
supplemental jurisdiction over plaintiff's state-law wrongful-
discharge claim.

-3-

Accordingly, I remand this matter to the Court of Common Pleas of Northampton County, Pennsylvania for disposition of plaintiff's remaining state-law claim in Count I of the Second Amended Complaint.

### JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction over plaintiff's federal claim in Count II of the Second Amended Complaint pursuant to 28 U.S.C. § 1331. This court has supplement jurisdiction over plaintiff's state-law claim in Count I of the Second Amended Complaint pursuant to 28 U.S.C. § 1367(a).

### VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in Northampton County, Pennsylvania, which is within this judicial district.

### PROCEDURAL HISTORY

Plaintiff initiated this litigation on April 19, 2013 by filing a two-count Complaint in the Court of Common Pleas of Northampton County, Pennsylvania.  Plaintiff's initial Complaint asserted claims against defendant Colonial Intermediate Unit 20 only.

Defendant Intermediate Unit removed the case from the Court of Common Pleas of Northampton County to this court on May 14, 2013 and filed a motion to dismiss plaintiff's Complaint on May 22, 2013.

On June 10, 2013, in response to defendant Colonial Intermediate Unit 20's first motion to dismiss, plaintiff filed an Amended Complaint which omitted her request for punitive damages against the Intermediate Unit and added an allegation of constructive discharge.

On June 24, 2013 defendant Intermediate Unit filed a motion to dismiss plaintiff's Amended Complaint.

On July 8, 2013 plaintiff filed a memorandum of law in opposition to defendant Colonial Intermediate Unit 20's motion to dismiss the Amended Complaint.  The memorandum contained an alternative request for leave to further amend her Amended Complaint.

By Order dated and filed August 15, 2013, I granted plaintiff's request for leave to further amend her Amended Complaint.  My August 15, 2013 Order also granted a motion by defendant Intermediate Unit for leave to file a reply brief in further support of its motion to dismiss the Amended Complaint and directed the Clerk of Court to file defendant's proposed reply brief.

My August 15, 2013 Order granted plaintiff broad leave to further amend her Amended Complaint.  However, it noted that, in the event defendant successfully moved to dismiss the third iteration of her pleading, plaintiff might not be granted leave to amend for a third time and file a fourth version of her complaint.

Plaintiff filed her Second Amended Complaint on September 11, 2013.  The Second Amended Complaint added Dr. Charlene M. Brennan as a defendant in this action. Dr. Brennan is the Executive Director of defendant Colonial Intermediate Unit 20.  As noted above, the Second Amended Complaint asserts a state-law wrongful-discharge claim against Dr. Brennan for wrongful discharge in violation of public policy (Count I), in addition to plaintiff's federal failure-to-accommodate claim against defendant Colonial Intermediate Unit 20 (Count II).

On September 24, 2013 defendants filed the within Motion to Dismiss which seeks to dismiss plaintiff's Second Amended Complaint.  Plaintiff filed an answer and a memorandum of law in opposition to the motion on October 9, 2013. Defendants filed a reply brief on October 30, 2013 with leave of court.

Hence this Opinion.

-6-

### STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[2]

---

[2]     The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that

(<u>Footnote 2 continued</u>):

-7-

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  <u>Phillips</u>, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Id.</u> at 234 (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

(<u>Continuation of footnote 2</u>):

the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

-8-

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  <u>Fowler</u>, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  <u>Id.</u> at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  <u>Id.</u> at 211 (quoting <u>Iqbal</u>, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  <u>Iqbal</u>, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

**FACTS**

Based upon averments in the Second Amended Complaint, and accepting all factual allegations in that complaint as true, and construing those factual allegations in the light most favorable to plaintiff, as I must do under the foregoing standard of review, the pertinent facts are as follows.

Plaintiff Karen Luise was hired by defendant Colonial Intermediate Unit 20 as an associate school teacher on May 19, 2001.  Plaintiff is qualified for the position of Associate Teacher and served with perfect attendance for the duration of her employment with defendant Colonial Intermediate Unit 20.[3]

Defendant CIU 20 is a recipient of federal funds.[4]

On March 26, 2010 plaintiff was injured in an altercation with two minor students at her place of employment.  Specifically, the two minor students were listening to music on

_____

[3]         Second Amended Complaint at ¶¶ 4-6.

[4]         Plaintiff seeks relief under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides relief for individuals who have been discriminated against in programs and activities which have received federal funds.  See id. at ¶¶ 43-56.  Additionally, plaintiff's averment that "[a] plaintiff need not exhaust administrative remedies prior to bringing suit under § 504 of the Rehabilitation Act", 29 U.S.C. § 794, "against a private recipient of federal funds" further supports the inference that defendant Colonial Intermediate Unit 20 is a recipient of federal funds against whom the plaintiff is bringing this suit.  See id. at ¶ 56.

a handheld device as they exited their bus.  The two students were about to enter the cafeteria where a meeting was being held. Plaintiff advised them that they needed to turn off the device.

The students did not comply with plaintiff's several requests that they turn off the device.  Plaintiff advised the students that she was going to take the device away from them. In response, one of the students (a 150-pound male) jumped on plaintiff's back and wrapped his arms around plaintiff while verbally assaulting her.  While that first student was on plaintiff's back, the second student pushed the plaintiff into a concrete brick wall.

The impact of hitting the wall with the first student wrapped around her caused plaintiff a severe and shooting pain in her back.  Another teacher assisted plaintiff by using a trained restraining maneuver to remove the first student from plaintiff's back.  Plaintiff was injured further in the process of removing the first student.[5]  Ultimately, a school police officer responded to the scene and handcuffed the first student after chasing him down.[6]

---

[5]     See Second Amended Complaint ¶¶ 7-13

[6]     Id. at ¶ 14.

After that incident, plaintiff continued to work in pain, which worsened over time, and under a doctor's care. Plaintiff was placed on light duty at work, which consisting of no lifting and no restraining.[7]

Plaintiff's pain worsened over time and she became unable to work.  Her doctors considered alternative treatments, including surgery.[8]

Plaintiff filed a worker's compensation claim against defendant Carbon Intermediate Unit 20 based on the injuries she suffered during the March 26, 2010 altercation with the two students.  She was assigned Pennsylvania Bureau of Worker's Compensation Claim Number 3836545.[9]

As a result of the March 26, 2010 altercation, plaintiff suffers from severe back pain which is permanent and debilitating in nature.[10]

Because of the nature and extent of her injury, plaintiff requested additional leave time as an accommodation

---

[7]        Second Amended Complaint at ¶ 15.

[8]        Id.

[9]        See id. at ¶¶ 15-17.

[10]       Id. at ¶ 44.

for her disability (her severe back pain).[11]  Defendant did not
grant plaintiff's request for leave[12] and, accordingly, she was
unable to continue to work at the Intermediate Unit.[13]

On February 13, 2012 plaintiff tendered her
resignation as an Associate Teacher with the Intermediate Unit
as part of the settlement of her worker's compensation claim.[14]

Plaintiff did not pursue any administrative remedies
with either the Equal Employment Opportunity Commission ("EEOC")
or the Pennsylvania Human Relations Commission ("PHRC").[15]

---

[11]    See Second Amended Complaint at ¶¶ 48-49, and 51.

[12]    Id. at ¶ 49.

[13]    See id. at ¶¶ 15, 24, 44, and 49-50.

[14]    See id. at ¶¶ 18 and 20.

[15]    This fact is not averred explicitly by plaintiff in her Second
Amended Complaint.  However, it may be reasonably inferred from plaintiff's
Second Amended Complaint because (a) plaintiff does provide any factual
averments relating to any administrative complaints filed with either the
EEOC or the PHRC, or having received a right-to-sue letter from either
administrative body, and (b) she expressly avers that "[a] plaintiff need not
exhaust administrative remedies prior to bring suit under section 504 of the
Rehabilitation Act against a private recipient of federal funds.  Freed v.
Conrail, 201 F.3d 188, 192-94 (3rd Cir. 2000)."  See Second Amended Complaint
at ¶ 56; Plaintiff's Memorandum at page 2.

-13-

## CONTENTIONS OF THE PARTIES

### Defendants' Contentions

Defendants contend that both claims in plaintiff's Second Amended Complaint should be dismissed for multiple reasons.

With respect to plaintiff's federal failure-to-accommodate claim under section 504 of the Rehabilitation Act, defendants contend that the court should dismiss that claim because plaintiff failed to exhaust her administrative remedies and, alternatively, because plaintiff has not sufficiently pled such a claim.[16]

With respect to plaintiff's state-law unlawful-retaliation claim against defendant Dr. Brennan, defendants contend that plaintiff's claim against Dr. Brennan should be dismissed because (1) it is barred by the Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8542-8564; (2) it is barred by the doctrine of high government official immunity; (3) plaintiff is a member of a collective-bargaining unit and employed under a collective bargaining agreement, and such claims of unlawful retaliation in violation of public policy are available only to at-will employees; and,

---

[16]     Defendants' Brief at pages 5-7 and 21-22.

(4) plaintiff has (based upon multiple alleged deficiencies) not sufficiently pled a prima facie case of unlawful retaliation in violation of public policy.[17]

Defendants alternatively request the court to decline to exercise supplemental jurisdiction over plaintiff's state-law unlawful-retaliation claim against defendant Dr. Brennan in the event the court grants the Motion to Dismiss plaintiff's sole federal claim against defendant Intermediate Unit.[18]

### Plaintiff's Contentions

In opposition to the Motion to Dismiss, plaintiff contends that exhaustion of administrative remedies is not required for a claim under section 504 of the Rehabilitation Act where, as here, plaintiff is suing an employer which is a private recipient of federal funds.  Plaintiff further contends that she has sufficiently pled a failure-to-accommodate claim under section 504 of the Rehabilitation Act and, more specifically, that additional leave time is a permissible and reasonable accommodation.[19]

---

[17]      Defendants' Brief at pages 7-20.

[18]      Id. at pages 22-23.

[19]      See Plaintiff's Memorandum at pages 18-19.

-15-

Plaintiff contends that defendant's Motion to Dismiss should be denied as to plaintiff's state-law wrongful-discharge claim because (1) the actions averred to have been taken against plaintiff by Dr. Brennan constitute willful misconduct and are therefore not covered by Pennsylvania's Political Subdivision Tort Claims Act or high public official immunity;[20] (2) her unlawful-retaliation claim is against Dr. Brennan individually and, accordingly, plaintiff's membership in the collective bargaining unit is irrelevant;[21] and (3) plaintiff's resignation was not voluntary, and she has sufficiently pled a prima facie case of unlawful retaliation in violation of public policy under Pennsylvania law.[22]

Finally, plaintiff contends that the court should exercise its discretion and retain supplemental jurisdiction over plaintiff's state-law claim against defendant Dr. Brennan even if plaintiff's sole federal claim against defendant Intermediate Unit is dismissed.[23]

---

[20]        See Plaintiff's Memorandum at pages 5-11.

[21]        See id. at pages 11-12.

[22]        See id. at pages 12-18.

[23]        See id. at page 20.

-16-

## DISCUSSION

For the reasons expressed below, although I conclude that plaintiff was not required to exhaust administrative remedies with respect to her failure-to-accommodate claim under section 504 of the Rehabilitation Act, I conclude that she has not pled sufficient facts to state such a claim and, accordingly, grant defendants' Motion to Dismiss concerning plaintiff's claim in Count II on that basis.

Because I dismiss plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act, the sole (and, by definition, the predominant) claim remaining in this action is plaintiff's state-law unlawful-retaliation claim against defendant Dr. Brennan.  Therefore, I decline to exercise my discretion to retain supplemental jurisdiction over that remaining state-law claim and remand this action to the Court of Common Pleas of Northampton County, Pennsylvania.

### Exhaustion of Administrative Remedies

As noted above, defendants contend that plaintiff's failure-to-accommodate claim in Count II of the Second Amended Complaint must be dismissed because plaintiff failed to exhaust her administrative remedies prior to initiating this litigation.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, bars federal agencies and recipients of federal funding

-17-

from discriminating against an individual on the basis of his or
her disability.  Freed v. Consolidated Rail Corporation,
201 F.3d 188, 191 (3d Cir. 2000).[24]

   In Spence v. Straw, 54 F.3d 196 (3d Cir. 1995), the
United States Court of Appeals for the Third Circuit held that
"a plaintiff must exhaust Title VII remedies before bringing
suit under Sections 504 and 505(a)(2) of the Rehabilitation Act,
just as he or she must before bringing suit under sections 501
and 505(a)(1) of the Act."  Id. at 201.

---

[24]    Specifically, section 504 of the Rehabilitation Act provides that
"[n]o otherwise qualified individual with a disability...shall, solely by
reason of her or his disability,...be subjected to discrimination under any
program or activity receiving Federal financial assistance...."  29 U.S.C.
§ 794(a).

   As defined by the statute, the term "program or activity"
includes all operations of

      (1)(A) a department, agency, special purpose district, or other
      instrumentality of a State or of a local government; or (B) the
      entity of such State or local government that distributes such
      assistance and each such department or agency (and each other
      State or local government entity) to which the assistance is
      extended, in the case of assistance to a State or local
      government;

      (2) (A) a college, university, or other postsecondary
      institution, or a public system of higher education; or (B) a
      local educational agency (as defined in section 9101 of the
      Elementary and Secondary Education Act of 1965 [20 USCS § 7801]),
      system of vocational education, or other school system;

      *  *  *

      any part of which is extended Federal financial assistance.

29 U.S.C. § 794(b)(emphasis added).

However, unlike Ms. Luise here, the plaintiff in
Spence was a former federal government employee asserting a
claim against his former federal employer under section 504 of
the Rehabilitation Act. 54 F.3d at 198.

Subsequently, in Freed v. Consolidated Rail
Corporation, 201 F.3d 188 (3d Cir. 2000), the Third Circuit
addressed the specific question of "whether a plaintiff must
exhaust administrative remedies prior to bringing suit under
section 504 of the Rehabilitation Act against a private
recipient of federal funds." Id. at 189.

In Freed, the Third Circuit acknowledged its prior
holding from Spence (namely, "that federal employees must
exhaust Title VII remedies before filing suit against a federal
employer under section 504"), Freed, 201 F.3d at 192, but
distinguished the Spence case based upon the fact that plaintiff
in Freed was not (as Mr. Spence was) a federal employee suing a
federal employer. Freed, 201 F.3d at 191-192.

Having so distinguished Spence, the Third Circuit in
Freed stated that it was "presented with the narrow issue [of]
whether a plaintiff suing solely under section 504 must exhaust
the Title VI administrative process before bringing suit against
a private recipient of federal funds." Freed, 201 F.3d at 192.
The Third Circuit held that exhaustion of administrative

-19-

remedies was not required under those circumstances.  Freed,
201 F.3d at 192, 194.

In support of its conclusion, the Third Circuit noted
that "[e]very court of appeals to have addressed this question
has already held that plaintiffs suing private recipients of
federal funds under section 504 do not need to exhaust Title VI
administrative remedies, id. at 192 (collecting cases), and that
it had previously "explained that section 504 (and Title VI)
plaintiffs need not undertake administrative exhaustion because
that process fails to provide them with meaningful relief."  Id.
at 193 (citing Chowdhury v. Reading Hospital & Medical Center,
677 F.2d 317 (3d Cir. 1982)).

Ultimately, in Freed, the Third Circuit stated that it
was reaffirming its "long-standing position" that "section 504
plaintiffs may proceed directly to court without pursuing
administrative remedies."  Id. at 194.

In other words, Freed represents the general rule
(that is, no exhaustion of administrative remedies is required
for section 504 plaintiffs), while Spence represents an
exception to the general rule which is applicable to federal-
employee plaintiffs suing federal employers under section 504.

Accordingly, in Wilson v. MVM, Inc., 475 F.3d 166
(3d Cir. 2007), the Third Circuit reiterated that "[b]efore an

-20-

aggrieved employee may bring [a Rehabilitation Act] claim in
court *against a federal employer*, [s]he must file a claim with
the EEOC." Wilson, 475 F.3d at 173 (emphasis added)[25]; *see also*
Burkhart v. Widener University, Inc., 70 Fed.Appx. 52, 53-54
(3d Cir. 2003)

Defendants rely on Zankel v. Temple University,
245 Fed.Appx. 196 (3d. Cir. 2007), in support of their argument
that plaintiff was required to exhaust administrative remedies
with respect to her failure-to-accommodate claim under
section 504 of the Rehabilitation Act.[26]  The Zankel case, in
turn, relies upon Spence (without addressing Freed) for the
proposition that "a [section] 504 plaintiff must also exhaust

---

[25]     The Third Circuit in Wilson stated that "[i]t is clear from the
statute and the law of this Court that a plaintiff must exhaust
administrative remedies before bringing a claim under the [Rehabilitation
Act]." Wilson, 475 F.3d at 174.

        However, the Third Circuit made that statement in a case where
the plaintiff was a federal employee.  Moreover, the Third Circuit cited both
Spence and Freed in support of that proposition without suggesting that the
statement quoted in this footnote was intended to abolish the material
distinction between federal-employee and non-federal-employee plaintiffs
asserting claims under section 504 of the Rehabilitation Act as it pertains
to administrative exhaustion. Id. (citing Spence, 54 F.3d at 201; and Freed,
201 F.3d at 191).

        Accordingly, I do not interpret the Third Circuit's statement,
quoted above in this footnote, as abrogating or overruling the holding in
Freed that a plaintiff suing a private recipient of federal funds for
violation of section 504 of the Rehabilitation Act is not required to exhaust
administrative remedies before seeking relief from the courts.

[26]     Defendants' Brief at pages 6-7.

-21-

all administrative remedies in accordance with Title VII."

Zankel, 245 Fed.Appx. at 199 n.3 (citing Spence, supra).

Although the Zankel case (like the within matter) involved a suit by a non-federal-employee-plaintiff against a private recipient of federal funds, the statement that such plaintiffs are required to exhaust administrative remedies appears as dicta in that non-precedential Opinion and does not discuss (and cannot overrule) the Third Circuit's prior precedential Opinion issued in Freed, which I am bound to follow.  See Herring v. Chichester School District, 2007 U.S.Dist. LEXIS 82571 at *2, *8-10 (E.D.Pa. 2007)(Yohn, J.).

Here, defendant Colonial Intermediate Unit 20 is a recipient of federal funds.  Plaintiff is a private individual. Because the plaintiff is not a federal employee suing a federal employer under section 504 of the Rehabilitation Act, but rather is a private individual suing a recipient of federal funds under that same provision, plaintiff was not required to exhaust administrative remedies before bringing suit.

Accordingly, I deny defendants' motion to the extent that it seeks to dismiss plaintiff's section 504 claim based upon her failure to exhaust administrative remedies.

## **Additional Leave as Reasonable Accommodation**

As noted above, defendants also contend that plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act should be dismissed because she has failed to state such a claim.  Specifically, defendants contend that plaintiff fails to state such a claim because indefinite additional leave from employment is the sole accommodation upon which plaintiff's claim rests, and such leave is not a reasonable accommodation under the Rehabilitation Act.

In response, plaintiff asserts that "[a]dditional leave is an accommodation under the [Americans with Disabilities Act ('ADA')]" and Rehabilitation Act and that she requested "additional leave as an accommodation", but that her request was denied.[27]  More specifically, plaintiff contends that "a short leave of absence would not have been unreasonable"[28] and "[a]n unpaid leave of absence is an appropriate accommodation in some circumstances."[29]

---

[27]      Plaintiff's Memorandum at pages 18-19.

[28]      Id. at page 19 (citing Shepard v. Honda of America Mfg., Inc., 160 F.Supp.2d 860, 871-872 (S.D.Ohio 2001)).

[29]      Id. (citing McDonald v. Commonwealth of Pennsylvania, 62 F.3d 92, 97 (3d Cir. 1995)).

-23-

The United States Court of Appeals for the Third
Circuit has stated that the substantive standards for
determining liability are the same whether suit is filed under
the Rehabilitation Act, the ADA, or both.  McDonald, 62 F.3d at
95; see 29 U.S.C. § 794(d)(expressly providing for application
of ADA standards to claims under the Rehabilitation Act).

The ADA provides, in pertinent part, that a
"reasonable accommodation" may include "job restructuring, part-
time or modified work schedules, reassignment to a vacant
position, acquisition or modification of equipment or devices,
appropriate adjustment or modifications of examinations,
training materials or policies, the provision of qualified
readers or interpreters, and other similar accommodations for
individuals with disabilities."  42 U.S.C.A. § 12111(9)(B).

Generally, whether a requested accommodation is
reasonable is a question of fact.  Turner v. Hershey Chocolate
USA, 440 F.3d 604, 614 (3d. Cir. 2006).  As plaintiff correctly
notes in her memorandum,[30] case law on this issue provides that a
temporary leave of absence may constitute a reasonable
accommodation where such leave would enable the employee to
perform her essential job functions in the near future.  See

---

[30]         Plaintiff's Memorandum at page 19.

-24-

<u>Conoshenti v. Public Service Electric & Gas Co.</u>, 364 F.3d 135,
151 (3d Cir. 2004).  Even an extended leave of absence might
constitute a reasonable accommodation.  <u>See</u> <u>Shannon v. City of
Philadelphia</u>, 1999 U.S.Dist. LEXIS 18089, *20 (E.D.Pa. 1999)
(Bechtle, S.J.).

      Moreover, the EEOC's interpretive guidance regarding
the ADA states that a reasonable accommodation might require
"additional unpaid leave for necessary treatment." 29 C.F.R.,
Pt. 1630.2, Appx. (concerning, among other things, the
definition of "reasonable accommodation"); <u>see</u> <u>Shannon</u>, <u>supra</u>.

      Similarly, regulations promulgated by the United
States Department of Labor announce that, in order to provide a
reasonable accommodation, an employer  "may be required to grant
liberal time off or leave without pay when paid sick leave is
exhausted and when the disability is of a nature that it is
likely to respond to treatment or hospitalization."  29 C.F.R.,
Pt. 2, Appx. A (listing possible types of accommodations); <u>see</u>
<u>Shannon</u>, <u>supra</u>.

      However, as defendants correctly note in their brief,[31]
leave for an indefinite period of time is not considered a
reasonable accommodation.  For a period of leave to be a

---

[31]      Defendants' Brief at page 22.

reasonable accommodation, the leave must enable the employee to perform his or her essential job functions in the near future. Dogmanits v. Capital Blue Cross, 413 F.Supp.2d 452, 460 (E.D.Pa. 2005)(Joyner, J.)(citing Conoshenti, 364 F.3d at 151).  A leave of absence from one's employment for "an indefinite and open-ended period" does not constitute a reasonable accommodation. Fogleman v. Greater Hazelton Health Alliance, 122 Fed.Appx. 581, 586 (3d Cir. 2004).

As noted by the Third Circuit in Fogleman, "[m]any courts have found that a request for indefinite leave is not a reasonable accommodation, particularly where there is no favorable prognosis."  122 Fed.Appx. at 586 (quoting Peter v. Lincoln Technical Institute, 255 F.Supp.2d 417, 437 (E.D.Pa. 2002)(Van Antwerpen, J.)(in turn citing cases from the Fourth, Fifth, Sixth, and Tenth Circuit Courts of Appeal); see also Dogmanits, 413 F.Supp.2d at 460.

Simply put, "[o]pen-ended disability leave is not a reasonable accommodation."  Shafnisky v. Bell Atlantic, Inc., 2002 U.S.Dist. LEXIS 21829, *30 (E.D.Pa. Nov. 6, 2002)(Waldman, J.).

Here, plaintiff avers that she sought from defendant Colonial Intermediate Unit 20 an accommodation in the form of

"additional leave".[32]  However, nowhere in her Second Amended Complaint does plaintiff aver that the additional leave she requested from the Intermediate Unit was for any particular (even if approximate and extended) period of time.

Moreover, the facts alleged by plaintiff, even when taken as true as required under the applicable standard of review set forth above, do not support a reasonable inference that she requested additional leave for a particular, limited period of time based upon her treatment needs.

Specifically, although plaintiff avers that "[s]he could perform the essential functions of her job...with a reasonable accommodation", plaintiff also avers that the pain from her injury worsened over time and she became "unable to work" and that her injury is "permanent and debilitating".[33]

Furthermore, while plaintiff does aver that her doctors considered alternative treatments for her back injury and pain (including surgery), plaintiff does not aver that she requested additional leave for the purpose of pursuing such treatment, that such treatment would have permitted her to return to work, or that she had received any favorable prognosis for recovery -- facts which, if averred, could have supported a

---

[32]        See Second Amended Complaint at ¶ 49.

[33]        Id. at ¶¶ 15 and 44.

plausible conclusion that plaintiff requested a reasonable accommodation from defendant Intermediate Unit.

Accordingly, the factual averments in the Second Amended Complaint support a reasonable inference that plaintiff requested additional medical leave for an indefinite period because of her permanent and debilitating back injury, but they do not support a reasonable inference that plaintiff requested additional leave for a particular period of time to permit her to pursue a course of treatment which would permit her to return to work.

Because plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act is based upon defendant Intermediate Unit's failure to grant the additional leave plaintiff requested, and because the facts alleged by plaintiff do not support a reasonable inference that she requested such leave for a particular period (and, thus, that she requested a reasonable accommodation), I conclude that plaintiff has failed to sufficiently plead such a claim.

Accordingly, I grant defendants' motion to the extent that it seeks to dismiss plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act pursuant to Rule 12(b)(6) and dismiss Count II of the Second Amended Complaint.

Furthermore, I dismiss plaintiff's failure-to-accommodate claim with prejudice because plaintiff has failed to sufficiently plead that claim in the third iteration of her complaint (two of which were drafted in response to a defense motion to dismiss) and after notice from the court that she might not be permitted to amend a third time, and because Plaintiff's Memorandum does not request leave to further amend her pleading or suggest that such amendment would cure the deficiency in her claim discussed above.

### Supplemental Jurisdiction Over State-Law Claim

In Count I of plaintiff's Second Amended Complaint, plaintiff asserts a pendent Pennsylvania state-law claim against Dr. Charlene M. Brennan for unlawful retaliation in violation of public policy.  Specifically, plaintiff alleges that she was constructively discharged from her position because of defendant Dr. Brennan's desire to retaliate against plaintiff for having filed a claim for Pennsylvania state worker's compensation benefits.[34]

Defendants' within Motion seeks dismissal of plaintiff's state-law claim against defendant Dr. Brennan in Count I, but requests alternatively that, in the event that

---

[34]        See Second Amended Complaint at ¶ 36.

plaintiff's sole federal claim is dismissed, I decline to exercise supplemental jurisdiction over plaintiff's remaining state-law claim.[35]

Plaintiff contends that I should not decline to exercise its supplemental jurisdiction over her Pennsylvania state-law claim even if plaintiff's federal claim is dismissed.[36]

Defendant Colonial Intermediate Unit 20 removed this case from the Court of Common Pleas of Northampton County, Civil Division, to this federal court pursuant to 28 U.S.C. § 1441(a) and § 1331 based upon plaintiff's federal failure-to-accommodate claim under section 504 of the Rehabilitation Act asserted against defendant Intermediate Unit in Count II of plaintiff's initial Complaint. This court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's Pennsylvania state-law claim asserted in Count I of the Complaint, predicated on the court's original, federal question jurisdiction over Count II.

Similarly, as stated in the Jurisdiction section above, the court has jurisdiction over the subject matter of plaintiff's federal cause of action in Count II of the Second Amended Complaint pursuant to 28 U.S.C. § 1331 (federal question

---

[35]        Defendants' Brief at pages 22-23.

[36]        Plaintiff's Memorandum at page 20.

jurisdiction) and plaintiff's state-law cause of action in Count I of the Second Amended Complaint pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

"Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if: "(1) the state law claims raise novel or complex issues, (2) the state law claims substantially predominate over the federal claim, (3) it has dismissed all of the federal claims, or (4) if there are other compelling reasons for declining jurisdiction." Smith v. Jones, Gregg, Creehan & Gerace, LLP., 2008 U.S.Dist. LEXIS 98530, *26 (W.D.Pa. Dec. 5, 2008).

As explained above, I granted defendants' Motion to Dismiss as to Count II and dismissed Count II from the Second Amended Complaint with prejudice.  Count II contained plaintiff's sole federal claim asserted in this action.  Only plaintiff's state wrongful-discharge claim asserted against defendant Dr. Brennan in Count I of the Second Amended Complaint remains for disposition.  Because plaintiff's state claim for wrongful discharge in violation of public policy is the sole claim remaining in the Second Amended Complaint, that claim predominates.

Because plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act has been dismissed, the

-31-

asserted basis for this court's jurisdiction over the subject matter of this action no longer exists.  Moreover, the Notice of Removal did not offer diversity jurisdiction as an alternate jurisdictional basis for removal, and the Second Amended Complaint does not plead, or establish, this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Neither the Second Amended Complaint nor the Notice of Removal establish the jurisdictional minimums required by 28 U.S.C. § 1332(a).  Specifically, neither document avers an amount in controversy.  Additionally, neither the Second Amended Complaint, nor the Notice of Removal, establishes complete diversity of citizenship among plaintiff and defendant Dr. Brennan.

Because plaintiff's sole federal claim has been dismissed and because the record does not otherwise establish an independent basis for this court's jurisdiction over plaintiff's sole remaining claim (her Pennsylvania state-law claim in Count I against defendant Dr. Brennan for wrongful discharge in violation of public policy), and for the reasons expressed above, I grant defendants' Motion to Dismiss to the extent it requests this court to decline to exercise pendent jurisdiction over that remaining claim.  Accordingly, I remand this matter to the Court of Common Pleas of Northampton County, Pennsylvania.

## CONCLUSION

For the reasons expressed above, defendants' Motion to Dismiss is granted in part and denied in part.

Specifically, I deny defendants' motion to the extent it seeks to dismiss plaintiff's failure-to-accommodate claim under section 504 of the Rehabilitation Act for failure to exhaust administrative remedies because such exhaustion was not required here.

However, I grant defendants' Motion to Dismiss to the extent it seeks to dismiss plaintiff's failure-to-accommodate claim against defendant for failure to sufficiently plead such a claim.  Accordingly, I dismiss Count II of the Second Amended Complaint with prejudice, and dismiss defendant Colonial Intermediate Unit 20 as a defendant in this action.

Moreover, I grant defendants' Motion to Dismiss to the extent that it requests this court to decline to exercise supplemental jurisdiction over plaintiff's Pennsylvania state-law wrongful-discharge claim in the event that plaintiff's federal claim is dismissed.  Accordingly, I remand this action to the Court of Common Pleas of Northampton County, Pennsylvania for disposition of plaintiff's remaining claim against defendant Dr. Brennan in Count I of the Second Amended Complaint.

Because I decline to exercise supplemental
jurisdiction over plaintiff's Pennsylvania state-law claim, I do
not address defendants' arguments concerning the sufficiency of
that claim against defendant Dr. Brennan.